IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:05-CR-129 |
| ) | (VARLAN/SHIRLEY) |
| V. ) | |
| ) | |
| JONATHAN MATTHEW HALL, and ) | |
| STEVEN A. WILLIAMS ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on March 1, 2006, for a scheduled pretrial conference and motion hearing. Assistant United States Attorney Robert Simpson was present representing the government. Attorney Steve Shope was present representing Defendant Williams and Attorney Paula Voss was present representing Defendant Hall. The defendants were also present.

At the hearing, the Court took up the following pending motions:

(1) Defendant Williams' Motion For Severance [Doc. 15], filed February 3, 2006;

(2) Defendant Williams' Motion For A Witness List [Doc. 17], filed February 3, 2006;

(3) Defendant Williams' Motion For Exculpatory Evidence [Doc. 19], filed February 3, 2006;

1

(4) Defendant Williams' Motion For Grand Jury Transcripts [Doc. 24], filed February 16, 2006; and

(5) Defendant Hall's Motion To Extend Time For Filing Motions And Motion To Continue Trial [Doc. 23], filed February 15, 2006.

### I. Defendant Williams' Motion For Severance

Defendant Williams asks [Doc. 23] the Court for a severance from the co-defendant Hall in this case, contending that Defendant Williams (1) is prejudiced by a joinder of his case with the co-defendant, (2) that joinder with the co-defendant is so prejudicial that it outweighs the dominant concern of judicial economy, and (3) Defendant Williams' vehicle was not involved in the wreck and that co-defendant Hall had a positive alcohol and drug test.

The government responds [Doc. 20] that it opposes the severance of the trial, stating that Defendant Williams is charged along with co-defendant Hall in a five count Indictment. Count 1 charges Defendant Williams and Defendant Hall, each aided and abetted and induced by the other, with the March 26, 2005 unlawful killing of Myra Louise Nelson, while drag racing with each other on a public highway at an extremely high rate of speed. The remaining four counts are the same as Count 1 with the exception that the name of the deceased in Count 2 is George Lucas Nelson; the name in of the deceased in Count 3 is Anthony Joseph Dietz; the name of the deceased in Count 4 is Betty Gean Dietz; and the name of the deceased in Count 5 is Audrey Lucille Grumbach Fentress. The government contends that there would be numerous witnesses from outside of the State of Tennessee who would have to travel a long distance to attend trial. It also argues that basically the same evidence would be presented against both defendants, with the exception of certain drug and alcohol evidence against Defendant Hall. It furthermore contends that the facts of this case are not so complex that the jury would be unable to make individual determinations about the guilt of each

2

Case 3:05-cr-00129   Document 29   Filed 03/10/06   Page 2 of 15   PageID #: 16

defendant.

At the March 1, 2006 hearing, counsel for Defendant Hall stated that she did not object to Defendant Williams' Motion For Severance.

Assuming proper joinder in the indictment, it is well-settled that absent a serious risk of compromise to a specific trial right, individuals indicted together should be tried together. United States v. Davis, 170 F.3d 617, 621 (6th Cir.), *cert. denied*, 528 U.S. 861 (1999). Initially, the Court notes that Defendant Williams does not contend that joinder in this case is improper under Rule 8 of the Federal Rules of Criminal Procedure. Rather, citing Rule 14 Defendant Williams contends that joinder is so prejudicial to him that severance should be ordered. Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). No right to severance arises because the evidence against one defendant is "far more damaging" than the evidence against another defendant. United States v. Causey, 834 F.2d 1277, 1288 (6th Cir. 1987), *cert. denied*, 486 U.S. 1034 (1988), or merely because the likelihood of acquittal would be greater if severance were granted. United States v. DeFranco, 30 F.3d 664, 669 (6th Cir), *cert. denied*, 514 U.S. 1121 (1995). To the contrary, it is well-established that to be entitled to a severance, a defendant must show "substantial," "undue," or "compelling" prejudice. United States v. Lopez, 309 F.3d 966, 971 (6th Cir. 2002) (defendant failed to demonstrate "substantial," "undue," or "compelling" prejudice due to spillover evidence against co-conspirator), *cert. denied*, 537 U.S. 1244 (2003).

At the March 1, 2006 hearing, Defendant Williams argued that joinder with

Defendant Hall was prejudicial to him in that Williams was not driving the vehicle that caused the death of five (5) people and that Hall had a positive alcohol and drug test. Defendant Williams further argued that testimony regarding Hall's alcohol and drug use would not be admissible against Williams and urged the Court to sever on that basis. The government argued that Defendant Williams had not made a strong showing of prejudice. It furthermore reiterated that the defendants were indicted together in every count of the five count indictment and that the same evidence and cast of witnesses would be necessary for both trials, with the exception of the drug and alcohol evidence as to Defendant Hall.

Absent a showing of substantial prejudice, spillover of evidence from one defendant to another does not compel severance. United States v. Moore, 917 F.2d 215, 221 (6th Cir. 1990) (stating no potential jury confusion in relating witness' testimony as to each defendant). In other words, severance is not required unless evidence is so complex or confusing that the jury would be unable to make individual determinations about guilt for each of the defendants. United States v. Bright, 630 F.2d 804, 813 (6th Cir. 1980). See United States v. Rugiero, 20 F.3d 1387, 1391 (6th Cir.) (jury is presumed capable of sorting out evidence applicable to each defendant and rendering its verdict accordingly), *cert. denied*, 513 U.S. 878 (1994); United States v. Gallo, 763 F.2d 1504, 1525 (6th Cir. 1985) (defendant must show jury's inability to separate and treat distinctively evidence relevant to each defendant). Furthermore, mutually antagonistic defenses are not prejudicial *per se*, and Rule 14 does not mandate severance on that ground as a matter of law. Zafiro v. United States, 506 U.S. 534, 535-39 (1993); United States v. Pierce, 62 F.3d 818, 830 (6th Cir. 1995) (applying Zafiro, denial of severance upheld where any prejudice caused by antagonistic defenses cured by propre jury instructions), *cert. denied*, 516 U.S. 1136 (1996); United States v.

4

Vinson, 606 F.2d 149, 154 (6th Cir. 1979) (mere fact that co-defendants attempt to blame each other does not compel severance).

In the present case, the Court finds that Defendant Williams has failed to show that undue prejudice would result from a single trial. Defendant Williams argues that he would be prejudiced by the spillover effect of the evidence regarding drug and alcohol use that is technically only admissible against co-defendant Hall. The Court finds that the evidence pertaining solely to Defendant Hall is not so complex or confusing that the jury would be unable to separate it from the evidence against Defendant Williams and to make individual determinations about guilt for each of the defendants. Moreover, the fact that defendants may have antagonistic defenses is insufficient to compel severance in the absence of a showing of "substantial," "undue," or "compelling" prejudice. Thus, the Court finds that the defendant has failed to show that the prejudice from a single trial outweighs the public's interest in avoiding multiple trials.

Accordingly, the defendant's Motion For Severance [**Doc. 23**] is **DENIED**.

## II. Defendant Williams' Motion For A Witness List

Defendant Williams asks [Doc. 17] the Court to order the government to produce a list of its witnesses at least thirty days before trial. He contends that the Court has discretion to order a witness list and that a witness list is necessary in this case due to the seriousness of the allegations against the defendant, the need for timely preparation, and the defendant's limited resources. Additionally, he argues that Defendant Williams poses no threat to any witness.

The government responds [Doc. 21] that it is not required to provide a list of its witnesses to the defendant.

5

Case 3:05-cr-00129   Document 29   Filed 03/10/06   Page 5 of 15   PageID #: 19

At the March 1, 2006 hearing, counsel for Defendant Williams argued that an order directing the government to provide the defendant with a list of government witnesses would prevent a "trial by ambush." He argued that the defendant has no way of knowing at this point the potential witnesses he must be ready to face in Court. He contended that a witness list would promote fairness and judicial efficiency, and citing United States v. Richter, 488 F.2d 170 (9th Cir. 1973), argued that discovery of the witness list was reasonable and necessary for his effective preparation for trial. Counsel furthermore contended that there is no corresponding risk to the government or its witnesses because Defendant Hall is incarcerated and Defendant Williams has no record of any felony convictions and has been released by this Court upon the recommendation of the Pretrial Services office.

The government opposed providing a witness list to the defendant, arguing that defense counsel is not entitled to know in advance of trial who will testify for the Government. It also stated that it feared that pretrial disclosure of prosecution witnesses could result in harm to witnesses. The government pointed out that both defendants had been indicted on five counts of murder and are facing the possibility of very long prison terms. It also noted that, subsequent to the date of the offense, one of its witnesses had been confronted and assaulted by Hall and his friends and stated that this witness was afraid of Defendant Hall. Counsel for Defendant Hall stated that while Hall had been present when the witness was assaulted, he did not assault the witness, and furthermore, there was no evidence to connect the assault with the fact that this witness might be a witness for the Government in this case.

"Ordinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510

6

U.S. 903 (1993) (citing Fed. R. Crim. P. 16); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"); see also United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). With regard to this rule, the Sixth Circuit has observed that "[e]ven if one argues that broader discovery rules in this area 'might be desirable, the Constitution surely does not demand that much.'" McCullah, 745 F.2d at 353 (quoting United States v. Agurs, 427 U.S. 97, 109 (1976)).

This rule is tempered by the government's obligation under Brady v. Maryland, 373 U.S. 83, 87 (1963), to provide the defendant with information that is favorable to his defense and material to either guilt or punishment. The government "acts at its own peril" if it fails to provide Brady materials in a timely fashion. United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988). On the other hand,

> [i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably. There is no general constitutional right to discovery in a criminal case, and Brady did not create one; as the Court wrote recently, "the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded. . . ."

Weatherford v. Bursey, 429 U.S. 545, 559 (1977) (quoting Wardius v. Oregon, 412 U.S. 470, 474 (1973)).

There appears to be some tension in the case law regarding whether a court has the discretion to order the government to produce a witness list even though Rule 16 does not require it. Compare United States v. Kendricks, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list), with Presser, 844 F.2d at 1285 (holding that Rule 16 provides no authority for compelling the government to disclose Brady

7

material or any other evidence not required by the rule pretrial). Even in holding that Rule 16 does not allow for discovery beyond its scope, the Sixth Circuit has noted that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it," although it may not disregard specific statutory provisions such as the Jencks Act. Id. at 1285 n.12.

In any event, even if the Court had discretion to order disclosure of the government's witness list, the Court finds that disclosure of the witness list in the present case could endanger the government's witnesses and potentially subject them to intimidation. Furthermore, the defendant's general contention that he needs the list of witnesses in order to prepare for trial is insufficient in light of the government's compelling interest in protecting these witnesses. Thus, the Court does not find that justice requires disclosure of the government's witness list in the present case.[1]

Accordingly, the Defendant's Motion For A Witness List [**Doc. 17**] is **DENIED**.

---

[1] However, in addition to the government's obligations under Brady and its progeny, the Court's Order on Discovery and Scheduling [Doc. 11, para. E] provides for such disclosures with timing of the same governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988). This Order provides for certain disclosures of expert witnesses and information [Doc. 11, para. L] and "strongly encourages revealing Jencks Act materials "as soon as possible" and "well before" the testimony of government witnesses. [Doc. 11, para. O]. Assuming that AUSA Simpson will comply with the usual practice of the US Attorney's Office in revealing such "statements" prior to trial, this should provide the defendants with the necessary information to sufficiently prepare for trial.

8

Case 3:05-cr-00129   Document 29   Filed 03/10/06   Page 8 of 15   PageID #: 22

### III. Defendant Williams' Motion For Exculpatory Evidence

Defendant Williams has filed a general request [Doc. 19] for exculpatory evidence as well as six specific requests pursuant to Brady v. Maryland, 373 U.S. 83 (1963). In his general motion, Defendant Williams formally requests that the government disclose any exculpatory or favorable evidence that may help the defendant avoid conviction, mitigate punishment or impeach the credibility of any witness the Government intends to call. In his specific Brady requests, Defendant Williams requests that the government disclose the following:

> (1) all information regarding the mental condition of any Government witness which would bring into question the witness' credibility;
>
> (2) all interview memoranda or reports which contain information that might contradict or be inconsistent with any evidence the Government intends to adduce;
>
> (3) names and addresses of any witness whom the Government believes would give testimony favorable to the Defendant, regardless of whether the Government intends to call this witness;
>
> (4) results of scientific tests or analysis that do not implicate Defendant or alleged accomplices;
>
> (5) documentary evidence which contradicts or is inconsistent with any testimony the Government intends to adduce;
>
> (6) name and address of any individual who has been requested to make an identification of the Defendant or alleged accomplice and failed to make such identification.

Defendant requested that the government respond in writing to each request no later than ten (10) days prior to trial. He further requested that the government produce any information under seal for in camera inspection by the Court as to any information which the government adduced to be privileged or not exculpatory.

9

The government responds [Doc. 22] that it recognizes its duty under Brady to disclose exculpatory evidence. It notes that if impeachment evidence is within the ambit of the Jencks Act, it cannot be compelled to disclose that evidence before trial.[2] It also notes that the Sixth Circuit has stated that Rule 16 of the Federal Rules of Criminal Procedure provides no authority for compelling pretrial disclosure of Brady material. At the March 1 hearing, the government again acknowledged its Brady obligations and stated that Presser, and its "in time for use at trial" mandate, controlled its timing obligations with regard to the disclosure of that evidence. Even so, the government went on to state that it did not have any exculpatory evidence in its possession, but again stated that it would turn over any evidence to which the defendant is entitled, if and when, it did receive any exculpatory evidence.

The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady, 373 U.S. at 87. The Court's Order on Discovery and Scheduling [Doc. 8, para. E.] provides:

> The government shall reveal to the defendant and permit
> inspection and copying of all information and material known to
> the government which may be favorable to the defendant on the
> issues of guilt or punishment within the scope of Brady v.
> Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97
> (1976) (exculpatory evidence), and United States v. Bagley, 473
> U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over materials within the scope of Brady. Furthermore, the government has acknowledged its duty to disclose exculpatory evidence

---

[2] While this is a correct statement, the prosecution is reminded of the admonition and strong encouragement in paragraph O of the Order on Discovery and Scheduling [Doc. 11]. See also note 1.

and has, in fact, stated that it does not have any exculpatory evidence to turn over at this time.[3] In light of the above, the Court perceives that no further ruling is necessary. Thus, Defendant Williams general and specific requests for exclupatory evidence [**Doc. 19**] is **DENIED as moot**.

### IV. Defendant Williams' Motion For Grand Jury Transcripts

Defendant Williams asks [Doc. 24] the Court to order the government to turn over the transcripts of testimony given by any person before the grand jury in this case. The defendant contends that transcripts of individuals who testified before the Grand Jury are discoverable pursuant to Federal Rule of Criminal Procedure 16(a)(1)(B) in that transcripts are "documents" under the rule. The defendant also contends that he is entitled to the requested grand jury information pursuant to Federal Rule of Criminal Procedure 6(e). He furthermore argues that grand jury testimony should be disclosed when the government demonstrates no need for secrecy and when testimony is necessary to adequately prepare a defense. At the March 1 hearing, counsel stated that it would be very helpful if the government would agree to turn over grand jury testimony two (2) weeks before trial.

The government responds [Doc. 27] that Defendant Williams and Defendant Hall are not entitled to transcripts of witnesses' grand jury testimony except as provided by the Jencks Act, 18 U.S.C. Section 3500. The government furthermore stated in its brief that it will abide by the Jencks Act and supply to the defendants' counsel copies of any statement, including grand jury testimony, after the witness has testified on direct examination in the trial of the case. At the March

---

[3] The government is also reminded of its obligation to not only turn over exculpatory evidence in its actual possession, but also the files of law enforcement agents acting on the government's behalf in the case, including in this case, the Highway Patrol officers and/or Ranger's that qualify.

11

1 hearing, the government said that it would provide to the defendants' counsel statements of grand jury testimony at least one (1) day before trial.

Normally, grand jury proceedings are to remain secret. See Fed. R. Crim. P. 6(e). "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). By statute, a defendant may challenge compliance with grand or petit jury procedures if the party files a motion containing "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of" the statute. 28 U.S.C. § 1867(d). The present motions do not suggest any irregularities with respect to the grand jury, much less make the requisite statutory showing. Moreover, the Court finds that the defendant is not entitled to pretrial disclosure under the Jencks Act, 18 U.S.C. Section 3500, and the government's agreement to provide the same at least one (1) day prior to trial is both reasonable and sufficient. Thus, Defendant Williams' request [**Doc. 24**] for grand jury transcripts is **DENIED**.

### V. Defendant Hall's Motion To Extend Time For Filing Motions And Motion To Continue Trial

Defendant Hall asks [Doc. 23] the Court for additional time to file motions in this case and to continue the trial of this matter set for March 29, 2006. In support of defendant's motion, counsel stated that (1) defendant is charged with five counts of second degree murder, (2) the government has provided counsel with a significant amount of discovery, (3) counsel needs addition time to evaluate an accident reconstruction study done by the Tennessee Highway Patrol,

12

(4) counsel needs additional time to investigate the case, locate and interview the witnesses, and prepare the case for trial, (5) despite reasonable diligence, it is impossible to determine what motions are appropriate at this time, (6) granting a continuance will avoid prejudice to the defendant and insure the defendant's right to a full and fair trial, and (7) the right to a speedy trial has been fully explained to Defendant Hall.

The government responds [26] that it does not object to Defendant Hall's Motion to Extend Time For Filing Motions as long as the government has adequate time to respond to any motions filed. The government stated that it does, however, object to a continuance of the trial because some witnesses have already been subpoenaed for the trial on March 29, 2006.

At the March 1 hearing, the government and counsel for Defendant Williams stated that they would be prepared for trial on March 29, 2006. Nonetheless, counsel for Defendant Williams did not specifically object to Defendant Hall's motion to continue the trial. The government also stated that it did not object to a continuance.

The Court finds that the defendant has shown good cause for an extension, and therefore **GRANTS** the defendant's Motion To Extend Time For Filing Motions [**Doc. 23**]. All parties in the case have until **April 7, 2006**, to file any motions in this case. Responses are due on or by **April 21, 2006.** The pretrial conference is reset to **April 28, 2006**, at **1:30 p.m.**

The Court also finds that the defendant's Motion To Continue Trial [Doc. 23] is well taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that the failure to grant a continuance would deprive the parties of adequate time to have an out-of-state expert evaluate an accident reconstruction study conducted by the Tennessee Highway Patrol and

13

prepare its defense to the charges in the case for trial effectively. In addition, the parties and their counsel will need reasonable time to prepare for trial after the resolution of any additional motions and completion of its investigation. The Court finds that this could not be accomplished by March 29, 2006, or in less than approximately three (3) months. Additionally, excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). The Court finds that if the continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** the defendant's Motion to Continue [**Doc. 23**].

In light of these findings and its granting of the motion, the Court set a new trial date of **June 26, 2006**. The Court further finds, and the parties agreed, that all the time between the **March 1, 2006** hearing and the new trial date of **June 26, 2006**, is fully excludable time under 18 U.S.C. § 3161(h)(1)(F), -(7), and -(8)(A)-(B).

Accordingly, it is **ORDERED:**

(1) Defendant Williams' Motion For Severance [**Doc. 15**] is **DENIED**;

(2) Defendant Williams' Motion For A Witness List [**Doc. 17**] is **DENIED**;

(3) Defendant Williams' Motion For Exculpatory Evidence [**Doc. 19**] is **DENIED as moot**;

(4) Defendant Williams' Motion For Grand Jury Transcripts [**Doc. 24**] is **DENIED**;

14

Case 3:05-cr-00129   Document 29   Filed 03/10/06   Page 14 of 15   PageID #: 28

(5) Defendant Hall's Motion To Extend Time For Filing Motions And Motion To Continue Trial [**Doc. 23**] is **GRANTED**;

(6) All parties in the case have until **April 7, 2006**, to file any motions in this case. Responses are due on or by **April 21, 2006.** The pretrial conference is reset to **April 28, 2006**, at **1:30 p.m.**

(7) The trial of this case will commence at **9:00 a.m., on June 26, 2006,** before the Honorable Thomas A. Varlan, United States District Judge.

(8) All time between the **March 1, 2006** hearing on the continuance and the new trial date of **June 26, 2006**, is fully excludable time under the Speedy Trial Act.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge